UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                   CRIMINAL ACTION

VERSUS

LEO F. HAYMOND, III                                              NO. 17-00038-BAJ-EWD

RULING AND ORDER

Before the Court is Defendant's **Motion For Compassionate Release (Doc. 43)**. The Government opposes Defendant's Motion. For the following reasons, Defendant's Motion will be denied.

I. BACKGROUND

On June 15, 2017, Defendant pleaded guilty to possession with intent to distribute heroin and marijuana, and possession of a firearm in furtherance of a drug trafficking crime. (*See* Docs. 1, 24, 25).

On October 23, 2017, the Court sentenced Defendant to a total term of 92 months imprisonment. (Doc. 33).

Defendant is currently incarcerated at Herlong FCI, in Herlong, California. His projected release date is April 29, 2025.

Defendant now moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 43). Defendant asserts that release is warranted due to his obesity, a pre-existing health condition that creates a higher risk of serious health consequences should he contract COVID-19. (Doc. 43-1 at 2).

## II.  ANALYSIS

### A. Standard

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must satisfy the Court that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. 14-cr-69, 2020 WL 4014748, at *3 (M.D. La. July 16, 2020) (Dick, C.J.). ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

When, as here, the defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it nonetheless informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied* No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021).

Relevant here, the Sentencing Commission has expressly recognized that, in certain circumstances, a defendant's "medical condition" may rise to the level of an "extraordinary and compelling" reason to merit compassionate release. Specifically, the Sentencing Commission advises that "extraordinary and compelling reasons" may

be established upon proof that an illness is "terminal," "serious," or "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13 (Commentary, Application Note 1).

### B. Discussion

As stated, Defendant seeks release based on his obesity, a pre-existing health condition that Defendant contends puts him "at a heightened risk" of serious illness should he contract COVID-19. (Doc. 43-1 at 2).

Certainly Defendant raises legitimate concerns. For multiple reasons, however, Defendant cannot demonstrate extraordinary and compelling reasons to justify release.

To be sure, the CDC advises obesity "**can make you more likely** to get severely ill from COVID-19."[1] Moreover, Defendant's prison medical records confirm that he exhibits health conditions commonly resulting from obesity, including Hyperlipidemia. (*See* Doc. 52 at 3). Certainly, Defendant's obesity places him among a class of people more likely to suffer adverse outcomes from COVID-19. Accordingly, for present purposes, the Court is satisfied that Defendant's obesity is a "serious" medical condition within the meaning of the Sentencing Commission's Guidelines. U.S.S.G. §1B1.13 (Commentary, Application Note 1).

But that is not the end of the inquiry. First, obesity is a fairly commonplace medical condition that may be controlled through medication and lifestyle

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited October 12, 2021).

management. Defendant's medical records do not indicate any acute or severe health complications due to his obesity during the period of his incarceration. (*See generally* Doc. 52). This Court and others have held that well-controlled, commonplace, chronic conditions do not establish an extraordinary and compelling reason to justify release, even if those conditions increase the risk of adverse outcomes from COVID-19. *See United States v. Johnson*, 07-cr-17, 2021 WL 262559, at *5 (M.D. La. Jan. 26, 2021) (Dick, C.J.) (ruling that well-controlled hypertension is not extraordinary and compelling); *accord Thompson*, 984 F.3d at 434 (instructing that "commonplace" chronic conditions generally do not make a prisoner's case "extraordinary").[2]

Second, according to the most recent data, Herlong FCI currently reports 4 inmate cases of COVID-19.[3] This number is consistent with federal corrections facilities in Mississippi, Louisiana, and Texas. Meanwhile, amidst the current surge attributable to the Delta variant, hundreds (and sometimes *thousands*) of new cases of COVID-19 are reported among Louisiana's general, non-prison population each day.[4] In short, on the present showing, it is not clear that Defendant is at a significantly higher risk of exposure to COVID-19 as a result of his confinement. Thus, again, his case is not "extraordinary." *Cf. Thompson*, 984 F.3d at 434 (indicating that defendant's case was not "extraordinary" where defendant failed to

---

[2] Defendant further contends that he should be released because he is the primary caregiver for his elderly mother, who, herself, is at higher risk of severe outcomes should she contract COVID-19. (Doc. 43 at 5). Again, the Court is sympathetic to Defendant's plight. Yet again, however, having an elderly or sick parent is all-too-common, and therefore not sufficient to establish an extraordinary and compelling reason to justify release.

[3] *See* https://www.bop.gov/coronavirus/ (visited October 12, 2021).

[4] *See* https://ldh.la.gov/Coronavirus/ (visited October 12, 2021).

show that he was "at a significantly higher risk [of severe outcomes from COVID-19] than is the general inmate population").

Finally, and perhaps most important, Defendant's medical records reflect that as of May 4, 2021, he is fully vaccinated against COVID-19, thus dramatically reducing the likelihood that he will be infected by the virus, *and*, if infected, experience severe outcomes. (Doc. 52-1). Defendant is therefore well-protected, and cannot show extraordinary and compelling circumstances justifying release.

In sum, despite a serious medical condition, the Court determines that Defendant has failed to establish an "extraordinary and compelling" reason supporting compassionate release.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Motion (Doc. 43) is **DENIED**.

Baton Rouge, Louisiana, this 25th day of October, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**